**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 20, 2024

LETTER TO COUNSEL

RE:     *Venkata P. v. Commissioner, Social Security Administration*
        Civil No. SAG-23-2013

Dear Counsel:

On July 26, 2023, Plaintiff petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") decision to deny his claim for benefits. ECF No. 1. Having reviewed the record (ECF No. 8) and the parties' briefs (ECF Nos. 12, 14, 17), I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). I must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under these standards, I will reverse the SSA's decision and remand this case to the SSA. This letter explains my rationale.

## I.      PROCEDURAL BACKGROUND

Plaintiff protectively applied for disability insurance benefits on May 30, 2017, alleging a disability onset of December 6, 2016. Tr. 11. The claim was denied initially and on reconsideration. *Id.* After holding a hearing, an Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. Tr. 8–28. After the Appeals Council denied review, Tr. 1–5, Plaintiff filed an appeal in this Court, Tr. 2258–65. The Court remanded Plaintiff's case to the SSA. Tr. 2254–57. The Appeals Council then vacated the SSA's decision and remanded Plaintiff's case to an ALJ for a new hearing. Tr. 2240–45. A new hearing was held on March 16, 2023. Tr. 2213–39. An ALJ issued an unfavorable decision on Plaintiff's claim on May 16, 2023. Tr. 2178–2212. Because Plaintiff filed no exceptions with the Appeals Council, and because the Appeals Council did not otherwise assume jurisdiction, the May 16, 2023 decision is final and is subject to judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.984(d).

## II.     THE ALJ'S DECISION

The Social Security Act[1] defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The SSA evaluates disability claims using a five-step sequential evaluation process. *See* 20 C.F.R.

---

[1] 42 U.S.C. §§ 301 et seq.

*Venkata P. v. Commissioner, Social Security Administration*
Civil No. SAG-23-2013
May 20, 2024
Page 2

§ 404.1520.  Under this process, an ALJ determines, in sequence, whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, the ALJ found that Plaintiff "did not engage in substantial gainful activity during the period from his alleged onset date of December 6, 2016 through his date last insured of December 31, 2022." Tr. 2184.  The ALJ also found that Plaintiff's "degenerative cervical and lumbar spine[] and obesity" were severe impairments.  *Id.*  The ALJ determined that Plaintiff's depressive disorder, adjustment disorder, anxiety disorder, dermatitis, GERD, sleep apnea, fatty liver, nasal obstruction, allergic rhinitis, sinusitis, and hypothyroidism were non-severe impairments.  *Id.*  The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.  Tr. 2186.  The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except for the following limitations: occasional balance, climb ramps and stairs, stoop, crouch, kneel and crawl; no ropes ladders or scaffolds; no high exposed places or moving mechanical parts; and frequent overhead reaching, fingering, feeling and handling with either upper extremity.

Tr. 2187.  Because Plaintiff's RFC did not prevent him from performing his past relevant work,[2] the ALJ concluded that he was not disabled.  Tr. 2194–96.

## III.   LEGAL STANDARDS

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  The ALJ's factual findings are conclusive if supported by "substantial evidence," 42 U.S.C. § 405(g), which is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id*.  In conducting the substantial-evidence inquiry, the Court considers whether the ALJ "analyzed all evidence" and "sufficiently explained the weight [they have] given to obviously probative exhibits[.]"  *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439 (4th Cir. 1997).

## IV.   ANALYSIS

Plaintiff contends that the ALJ contravened Social Security Ruling ("SSR") 96-8p by failing to assess Plaintiff's "capacity to perform the functions of lifting, carrying, pushing, pulling, sitting, walking, and standing."  ECF No. 12 at 13.  He also argues that the ALJ's decision failed

---

[2] The ALJ also made the "alternative" finding that "there are other jobs that exist in significant numbers in the national economy" that Plaintiff can perform.  Tr. 2195.

*Venkata P. v. Commissioner, Social Security Administration*
Civil No. SAG-23-2013
May 20, 2024
Page 3

to comport with SSR 96-9p. *Id.* at 8. Defendant counters that substantial evidence supports the finding that Plaintiff can perform sedentary work despite his impairments. ECF No. 14 at 5.

A claimant's RFC is "the most [they] can still do despite [their] limitations." 20 C.F.R. § 404.1545(a)(1). When assessing RFC, an ALJ "must first identify the individual's functional limitations or restrictions and assess [their] work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545[.]" SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The RFC assessment must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence[.]" *Id.* at *7. "Without a careful consideration of an individual's functional capacities to support an RFC assessment based on an exertional category, the adjudicator may . . . overlook limitations or restrictions that would narrow the ranges and types of work an individual may be able to do[.]" *Franklin v. Colvin*, No. 514CV00084MOCDLH, 2016 WL 1724359, at *6 (W.D.N.C. Apr. 29, 2016) (quoting *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)).

Here, remand is warranted because the Court is unable to discern the ALJ's rationale for limiting Plaintiff to sedentary work. In lieu of conducting a function-by-function analysis of Plaintiff's exertional capabilities, the ALJ assigned weight to two RFC assessments prepared by state agency medical consultants.[3] Tr. 2192. The assessment prepared by Dr. A.R. Totoonchie limited Plaintiff to: (1) occasionally lifting and/or carrying twenty pounds in a workday; (2) frequently lifting and/or carrying ten pounds in a workday; (3) standing, sitting, and walking for about six hours in a workday; and (4) unlimited pushing and pulling. Tr. 87. The assessment prepared by Dr. Henry Scovern limited Plaintiff to: (1) occasionally lifting and/or carrying fifty pounds in a workday; (2) frequently lifting and/or carrying twenty pounds in a workday; (3) standing, sitting, and walking for about six hours in a workday; and (4) unlimited pushing and pulling. Tr. 2315.

The ALJ found that these assessments were only "[s]omewhat persuasive" because, to the extent that they "permitted prolonged standing and walking, occasional climbing [of] ladders and scaffolds, and certain postural movements on a frequent basis," the assessments "overestimate[d] [Plaintiff's] exertional and ambulatory capacity." Tr. 2192. The ALJ thus limited Plaintiff to sedentary work, *see* Tr. 2187, which involves "lifting no more than 10 pounds at a time," "occasionally lifting or carrying articles like docket files, ledgers, and small tools," standing and walking for "no more than about 2 hours of an 8-hour workday," and sitting for "approximately 6 hours of an 8-hour workday," SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983).

To be sure, the ALJ was "not required to accept all of the conclusions and limitations set forth in a medical source opinion." *Calvert v. Kijakazi*, No. 5:21-1358-KDW, 2022 WL 2800907, at *7 (D.S.C. July 18, 2022). However, the ALJ *was* required to explain how the sedentary exertional category accurately reflects Plaintiff's physical abilities. *See* SSR 96-8p, 1996 WL 374184, at *7. Instead of doing so, the ALJ stated that, "based on the totality of the evidence,"

---

[3] The ALJ did not assign persuasive value to any other opinions that concerned Plaintiff's physical capacities.

*Venkata P. v. Commissioner, Social Security Administration*
Civil No. SAG-23-2013
May 20, 2024
Page 4

Plaintiff is "reduced . . . to sedentary exertion, which accommodates a level of chronic pain and discomfort in the spine and extremities commensurate with" the evidence. Tr. 2191. This explanation does not suffice because it fails to show how the evidence supports a finding that Plaintiff can fulfill each of the implicit exertional requirements of sedentary work. *See* SSR 96-8p, 1996 WL 374184, at *7. The rest of the ALJ's decision is similarly lacking with respect to the level of explanation that SSR 96-8p requires. The Court therefore cannot meaningfully review the ALJ's determination that Plaintiff's impairments restrict him to the specific demands of the sedentary exertional category.

The Fourth Circuit has declined to adopt a per se rule requiring remand when an ALJ fails to perform an explicit function-by-function analysis. *See Mascio*, 780 F.3d at 636. However, if a function is "critically relevant to determining [a claimant's] disability status," remand for failure to perform such an analysis is appropriate. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 389 (4th Cir. 2021). Here, the exertional requirements of sedentary work are relevant to the finding that Plaintiff can perform his past relevant work at the sedentary exertional level. Upon a proper evaluation of Plaintiff's RFC, an ALJ may find that Plaintiff lacks the capacity for sedentary work. This finding would affect the RFC assessment and, in turn, Plaintiff's ability to perform past relevant work and/or jobs existing in significant numbers in the national economy. Accordingly, the Court will remand this case so that an ALJ can conduct an RFC assessment that comports with SSR 96-8p.[4]

## V.  <u>CONCLUSION</u>

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g). The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge

---

[4] Because the Court remands the case on these grounds, it does not reach Plaintiff's other arguments. The Court expresses no opinion on the ultimate merits of Plaintiff's disability claim.